UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **CAPITOL INDEMNITY CORPORATION**, | : | |
| Plaintiff | : | Civil Action Docket No.: _____ |
| | : | |
| v. | : | |
| | : | |
| **ELMET TECHNOLOGIES, INC.,** | : | |
| **BIG SKY ENGINEERING, INC.,** | : | |
| **ADVANCED TECHNOLOGIES SYSTEMS,** | : | |
| **INC., and INSPIRED AUTOMATION, INC.,** | : | |
| Defendants | : | |
| | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES, Plaintiff Capitol Indemnity Corporation, by and through undersigned counsel and alleges:

1. Plaintiff Capitol Indemnity Corporation is a corporation authorized to do business as an insurance company, organized and existing under the laws of Wisconsin, with its principal place of business located in Dane County, Wisconsin.

2. Defendant Big Sky Engineering, Inc., is a Wisconsin Corporation, with its principal place of business located in Dane County, Wisconsin.

3. Defendant Plaintiff Elmet Technologies, Inc. is a Delaware Corporation with a principal place of business located in Androscoggin County, Maine.

4. Defendant Advanced Technology Systems, Inc. is a Rhode Island Corporation with a principal place of business located in Providence County, Rhode Island.

5. Defendant Inspired Automation, Inc. is a California corporation with a principal place of business located in Los Angeles County, California.

6. On or about December 8, 2001, Plaintiff, as insurer, issued on behalf of Big Sky Engineering, Inc., as the insured, a certain Commercial General Liability

*Capitol Indemnity Corp. v. Big Sky, et al.* ~2~ *Complaint for Declaratory Judgment*

>  Policy, number CP00132928, in effect for the period of December 8, 2001 to April 2, 2004. A copy of the insurance policy is attached to the Complaint as Exhibit A and is incorporated herein by reference.

7. On or about October 21, 2005, Defendant Elmet Technologies, Inc. filed a lawsuit against Defendant Big Sky Engineering, Inc. in the United States District Court for the District of Maine, Docket Number: 2:05-cv-00200-GZS, alleging causes of action for breach of contract, unjust enrichment, promissory estoppel and interference with an advantageous business relationship. The law suit arises out of a contract entered into between Elmet's predecessor in interest Philips Electronics North America Corporation and Advanced Technologies Systems, Inc. (ATS) in which ATS agreed to design, build and install a custom made automated filament packaging system. ATS subcontracted with Big Sky to provide transport/dispense/seal devices for the machine. Big Sky in turn subcontracted the weigh/feed mechanisms to Inspired Automation, Inc. Elmet contends that despite repair efforts by ATS, Big Sky and Inspired, the machine never operated in conformance with contract specifications.

8. On December 16, 2005, Defendant Big Sky Engineering Inc. tendered the Complaint to Plaintiff and demanded that Plaintiff defend and indemnify Big Sky Engineering, Inc. On February 23, 2006, Plaintiff undertook the defense of Defendant Big Sky Engineering, Inc., specifically reserving the right to deny coverage under the policy. A copy of this letter is attached to this Complaint as Exhibit B and incorporated herein by reference.

9. An actual controversy has arisen between the parties regarding their respective rights and obligations under the insurance policy and whether the policy provides coverage for the injuries alleged in the underlying action.

10. Plaintiff contends that there is no coverage under the policy in connection with the underlying action, that it has no duty to defend or indemnify Defendant Big Sky Engineering, Inc., and that it has no obligation in connection with any settlement or judgment that may be made as to the claims of Defendant Elmet Technologies, Inc.

11. Plaintiff contends that there is no coverage under the insurance policy for the following reasons including but not limited to:

    A. The policy specifically excludes coverage for damage the insured is obligated to pay by reason of the assumption of liability in a contract or agreement. (See Commercial General

        Liability Coverage Form, paragraph 2(B), page 2.)

    B.    Paragraphs 2(K) and 2(L) exclude coverage for damage to the insured's "product" and "work" as those terms are defined in the policy. (*Id.* at page 5.)

    C.    Additionally, paragraph 2(M) excludes coverage for damage to impaired property or property not physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or work or a delay or failure by the insured or anyone acting on the insured behalf to perform a contract or agreement in accordance with its terms. (*Id.*)

    D.    All of the allegations in the Complaint fall outside of the scope of any insurance coverage issued by the Plaintiff.

12.    Plaintiff is informed, believes, and alleges, on that basis, that each Defendant disputes Plaintiff's contentions and that each Defendant asserts that Plaintiff must defend and indemnify Defendant Big Sky Engineering, Inc. against the claim of Defendant Elmet Technologies, Inc.

WHEREFORE, Plaintiff requests judgment as follows:

1.    The Court declare the rights and obligations of each of the parties with regard to the dispute;

2.    The Court declare that there is no coverage under the insurance policy in connection with the claims Defendant Elmet Technologies, Inc. has made;

3.    The Court declare that the Plaintiff has no obligation to defend or indemnify Defendant Big Sky Engineering, Inc. in connection with the underlying action;

4.    The Court award Plaintiff costs of suit; and

5.    The Court grant Plaintiff such other relief and further relief that the Court deems just and proper.

*Capitol Indemnity Corp. v. Big Sky, et al.*  ~4~  *Complaint for Declaratory Judgment*

Dated this 29th day of December, 2006 at Bangor, Maine.

Respectfully submitted,

/s/ Joshua E. Birocco
Joshua E. Birocco, Esq.
Maine Bar No.: 8964

/s/ Travis C. Rackliffe, Esq.
Travis C. Rackliffe, Esq.
Maine Bar No.: 9596

TUCKER & DOSTIE, P.A.
One Cumberland Place, Suite 308
P.O. Box 696
Bangor, ME 04402-0696
(207)945-4720
JEB@TuckerDostie.com
TCR@TuckerDostie.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2006, I electronically filed Plaintiff's Complaint for Declaratory Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to all interested parties.

      /s/ Joshua E. Birocco
Joshua E. Birocco, Esq.
Maine Bar No.: 8964


/s/ Travis C. Rackliffe, Esq.
Travis C. Rackliffe, Esq.
Maine Bar No.: 9596


TUCKER & DOSTIE, P.A.
One Cumberland Place, Suite 308
P.O. Box 696
Bangor, ME 04402-0696
(207)945-4720
JEB@TuckerDostie.com
TCR@TuckerDostie.com

Counsel for Plaintiff